**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-50761
Summary Calendar

DR. NORLENE KUNKEL,

Plaintiff-Appellant,

VERSUS

ALAMO COMMUNITY COLLEGE DISTRICT; DR. BYRON R. SKINNER

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Texas

(SA-96-CV-20)

March 20, 1998

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM[*]:

Plaintiff Norlene Kunkel (Kunkel), a white female, served as Dean of Liberal

Studies at Palo Alto College, a part of the Alamo Community College District (ACCD),

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from January 1989 until August 31, 1993.   The ACCD Board of Trustees chose not to renew Kunkel's contract for the 1993-1994 school year.   On July 30, 1993, Kunkel filed suit against ACCD and Byron Skinner, former president of Palo Alto College.   She alleged ACCD's decision to not renew her contract was based on her race and gender and in retaliation for her exercise of protected First Amendment rights.   In addition, Kunkel asserted ACCD breached its contract with her by failing to follow certain procedures in connection with her annual evaluation.   Kunkel also asserted Byron Skinner, a black male, tortiously interfered with her contract by persuading his successor, James Dye, a white male,  to recommend to the Board of Trustees that Kunkel's contract not be renewed.   Finally, Kunkel contended ACCD further retaliated against her after her contract expired by providing false and damaging information to her prospective employers.  Based on these allegations, Kunkel sued ACCD under  (1) Title VII of the Civil Rights Act of 1964;  (2) 42 U.S.C. §§ 1981 and 1983;  (3) Article 1, §8 of the Texas Constitution; (4) the Texas Commission on Human Rights Act (TCHRA); and (5) Texas common law breach of contract.  Kunkel also sued Skinner for (1) violation of her civil rights under §§ 1983 and 1985; (2) tortious interference with contracts and (3) conspiracy to commit tortious interference.   The district court, accepting the magistrate's memorandum and recommendation, granted summary judgment in favor of the defendants on all of Kunkel's claims.

As Kunkel did not raise or argue any issues in her initial brief with respect to her claims against Skinner, she has abandoned these claims.  Webb v. Investacorp, Inc., 89 F.3d 252, n.2  (5th Cir. 1996);  Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994) (any issue inadequately briefed or raised only in the reply brief is considered

abandoned). After carefully reviewing the briefs, record excerpts, and the relevant portions of the record itself, we affirm the district court's grant of summary judgment with respect to Kunkel's remaining claims against the ACCD for essentially the same reasons stated in the magistrate's Memorandum and Recommendation and adopted by the district court on August 11, 1997.